```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION

FELIX LYLE COWAN,              §
            Petitioner,        §
                               §
v.                             §   Civil Action No. 4:20-CV-1034-Y
                               §
BILL WAYBOURN, Sheriff,        §
Tarrant County, Texas,         §
            Respondent.        §
```

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner, Felix Lyle Cowan, a pretrial detainee confined in the Tarrant County jail, against Bill Waybourn, sheriff of Tarrant County, Texas, Respondent.

After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed on exhaustion grounds.

## I.  Factual and Procedural History

Petitioner has been indicted in Tarrant County, Texas, Case No. 1645508D for assault on a security officer and is awaiting trial. (Resp't's Resp. Ex. 1, doc. 12.) In this federal petition, Petitioner complains of the denial of due process of law; illegal restraint "without proper jurisprudence"; illegal confinement "by a hate crime"; and illegal search and seizure of United States government property "without jurisprudence." (Pet. 6-7, doc. 3.)

## II. Discussion

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied. First, the petitioner must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Clearly, Petitioner, who remains incarcerated in the Tarrant County jail on the pending criminal charges, is "in custody" for purposes of § 2241.

Second, the petitioner must have exhausted his available state remedies. *See Dickerson*, 816 F.2d at 224. State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by any currently available and adequate procedure. *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489 (1973). In order to exhaust, a petitioner must submit the factual and legal basis of his claims to the highest state court in a procedurally correct manner. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent such circumstances, a pretrial detainee may not adjudicate the merits of his claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489. "Derailing of a pending state proceeding by an attempt to litigate

constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493.

Petitioner, as a pretrial detainee confined after a felony indictment, may present his claims in an application for writ of habeas corpus pursuant to article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted. *See* TEX. CODE CRIM. PROC. ANN. art. 11.08 (West 2015). If the trial court denies habeas relief under article 11.08, the applicant's remedy is to take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Twyman,* 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne,* 618 S.W.2d 380, 382 n.5 (Tex. Crim. App. 1981) (citations omitted)).

Petitioner presents no evidence that he has exhausted his state-court remedies in the Texas Court of Criminal Appeals in a procedurally correct manner and makes no showing of exceptional circumstances. Although he filed a pretrial application for a writ of habeas corpus in the Texas Court of Criminal Appeals, it was dismissed without written order. (Resp't's Resp. Ex. 3., doc. 12.) Such a dismissal signifies that the state court declined to consider the application for reasons unrelated to the merits of the claims raised. *See Flanagan v. Johnson,* 168 F.3d 485, 485 (5th Cir. 1999). Because the state's highest criminal court has not yet had an opportunity to rule on the merits of Petitioner's claims,

3

federal court interference in the normal functioning of the state's criminal processes is not warranted. *See Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980). Therefore, this petition should be dismissed without prejudice to his right to seek federal habeas-corpus relief after exhaustion of his state-court remedies have been accomplished.

### III.  Conclusion

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice for failure to exhaust state-court remedies.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a

4

valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack*, 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability should not issue.

    SIGNED March 16, 2021.

                                                       /s/ Terry R. Means
                                                       TERRY R. MEANS
                                                       UNITED STATES DISTRICT JUDGE